UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES WALKER, Warden,<br><br>        Respondent. | NO. CV 08-3855 R (FMO)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE** |

**INTRODUCTION**

On April 29, 2008,[1] petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in the Eastern District of California. On June 6, 2008, the case was transferred to the Central District of California, Cathy v. Sullivan, No. 08-0941, at 2 (E.D. Cal June 6, 2008) (order transferring case), and filed in on June 12, 2008. On August 8, 2008, respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner did not file an Opposition to the Motion.

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

On October 3, 2008, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. (See R&R at 2 & 8). The parties were given until October 23, 2008, to file and serve any Objections to the R&R.

In a letter, which the Court filed in on October 14, 2008 ("Letter"), petitioner requested an extension of time to file and serve Objections to the R&R because he had been transferred to a new facility. (See Letter at 1). On October 16, 2008, petitioner was granted an extension of time until November 24, 2008, and was reminded of his obligation to keep the court and the opposing party advised of his current mailing address. (See Court's Order of October 16, 2008, at 2-3). On November 10, 2008, ten days before his Objections were due, petitioner sent another letter to the Court which is captioned "Objection to Order of Judge Fernando M. Olguin Dated October 16, 2008" ("Objection").

## **DISCUSSION**

Petitioner's Objection does not challenge any of the findings or recommendations set forth in the R&R. (See Objection at 1-2). Instead, the Objection states, in essence, that petitioner will not be able to file any formal objections to the R&R because he does not have "any of [his] legal documents whatsoever," such as his "legal evidence[ or] trial transcripts," and does not have access to the county jail law library. (See Objection at 1-2; id. at 1 ("the November 24 time elapse without an answer from me"). Petitioner's Objection is unpersuasive.

First, to the extent petitioner seeks to challenge the Court's Order of October 16, 2008, which did nothing more than give him a 30 day extension to file Objections to the R&R, petitioner's challenge is denied. An objection to a magistrate judge's order must be done within ten days of the filing date of the order that is being challenged. 28 U.S.C. § 636(b)(1)(C). Here, petitioner's objection, which was filed on November 10, 2008, was clearly untimely. Further, even on the merits, petitioner's Objection does not set forth any basis to challenge the Magistrate Judge's Order of October 16, 2008. (See, generally, Objection at 1-2).

Second, even if the Court construes petitioner's Objection as his Objection to the R&R, there would be no basis to reject any of the R&R's recommendations. In his Objection, petitioner

1 | states that he is "now in a county jail[,]" does not have "any of [his] legal documents whatsoever,"
2 | such as his "legal evidence[ or] trial transcripts," and does not have access to the county jail law
3 | library. (See Objection at 1-2). Petitioner's assertions relate to his ability to file objections to the
4 | R&R, not to his inability to file his habeas petition on time. Petitioner's assertions do not relate to
5 | his inability to access his legal materials or the law library during the relevant time period, i.e., the
6 | time period of petitioner's one-year statute of limitations. (See, generally, id. at 1-2); see Gaston
7 | v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), as amended 447 F.3d 1165 (9th Cir. 2006),
8 | cert. denied, 534 U.S. 1134, 127 S.Ct. 979 (2007) (focusing on the time period of petitioner's one-
9 | year statute of limitations in determining whether petitioner was entitled to equitable tolling); Laws
10 | v. Lamarque, 351 F.3d 919, 922-23 (9th Cir. 2003). It is petitioner's burden to establish equitable
11 | tolling, Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003, 123 S.Ct.
12 | 496 (2002), and he has not provided any evidence showing that he was denied access to his legal
13 | files or the law library during the relevant time period. Cf. Miles v. Prunty, 187 F.3d 1104, 1107
14 | (9th Cir. 1999) (equitable tolling is only appropriate where "external forces, rather than a
15 | petitioner's lack of diligence, account for the failure to file a timely claim"). Finally, even assuming,
16 | arguendo, that petitioner's contentions relate to the relevant time period, lack of legal materials
17 | and transfers between facilities do not generally constitute extraordinary circumstances that
18 | warrant the granting of equitable tolling. See Akins v. United States, 204 F.3d 1086, 1089-90
19 | (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410 (2000) (holding that prison lockdowns and
20 | misplaced legal papers did not present extraordinary circumstances that would warrant equitable
21 | tolling); Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties
22 | attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns,
23 | restricted access to the law library, and an inability to secure court documents, do not by
24 | themselves qualify as extraordinary circumstances."); Lindo v. Lefever, 193 F.Supp.2d 659, 663
25 | (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted
26 | access to the law library and an inability to secure court documents do not qualify as extraordinary
27 | circumstances.").
28 | / / /

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objection to the Report and Recommendation. The Court has made a <u>de novo</u> determination of the portions of the Report and Recommendation to which the Objection was directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Respondent's Motion to Dismiss **(Document No. 10)** is **granted**.
2. Judgment shall be entered dismissing the action with prejudice.
3. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: January 29, 2009

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE